1

2

3                      **UNITED STATES DISTRICT COURT**

4                      **EASTERN DISTRICT OF CALIFORNIA**

5

| | |
|---|---|
| 6  **DAVID MEZA, an Individual on behalf of himself and all others similarly situated,** | **CASE NO. 1:16-CV-0739 AWI MJS** |
| 7 | |
| 8  **Plaintiff** | **ORDER ON DEFENDANTS' MOTION TO DISMISS** |
| 9  **v.** | |
| 10 **VERIZON COMMUNICATIONS, INC., et al.,** | (Doc. No. 3) |
| 11 **Defendants** | |
| 12 | |

13          This putative class action was removed from the Fresno County Superior Court, and

14   involves violations of the Fair Credit Reporting Act ("FCRA"), specifically 15 U.S.C.

15   § 1681b(b)(2)(A).  Currently before the Court is Defendant Frontier California, Inc.'s combined

16   Rule 12(b)(1) and 12(b)(6) motions to dismiss.  Defendants Verizon Communications, Inc. and

17   Verizon Corporate Resources Group, LLC (collectively "Verizon") have joined Frontier's

18   motions.  See Doc. No. 4.  For the reasons that follow, the combined motions will be denied.

19

20                          **LEGAL FRAMEWORK**

21          1.      Rule 12(b)(1)

22          Federal Rule of Civil Procedure 12(b)(1) allows for a motion to dismiss based on lack of

23   subject matter jurisdiction.  See Fed. R. Civ. Pro. 12(b)(1).  Rule 12(b)(1) motions may be either

24   facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court

25   is permitted to look beyond the complaint to extrinsic evidence.  Wolfe v. Strankman, 392 F.3d

26   358, 362 (9th Cir. 2004).  A facial attack is one that asserts "that the allegations contained in the

27   complaint are insufficient on their face to invoke federal jurisdiction . . . ."  Lacano Invs., LLC v.

28   Balash, 765 F.3d 1068, 1071 (9th Cir. 2014).  The complaint must show "affirmatively and

1    distinctly the existence of whatever is essential to federal jurisdiction, and if [it] does not do so,

2    the court, on having the defect called to its attention or on discovering the same, must dismiss the

3    case, unless the defect be corrected by amendment." Smith v. McCullough, 270 U.S. 456, 459

4    (1926); Tosco Corp. v. Communities For A Better Env't, 236 F.3d 495, 499 (9th Cir. 2001); see

5    also Snell v. Cleveland, Inc., 316 F.3d 822, 828 n.6 (9th Cir. 2002).  When a defendant challenges

6    jurisdiction "facially," all material allegations in the complaint are assumed true, and the question

7    for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself.

8    See Lacano Invs., 765 F.3d at 1071.  However, courts do not accept the truth of legal conclusions

9    merely because they are cast in the form of factual allegations.  Id.

10          2.      Rule 12(b)(6)

11          Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the

12   plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A

13   dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the

14   absence of sufficient facts alleged under a cognizable legal theory.  Conservation Force v. Salazar,

15   646 F.3d 1240, 1242 (9th Cir. 2011).  In reviewing a complaint under Rule 12(b)(6), all

16   allegations of material fact are taken as true and construed in the light most favorable to the non-

17   moving party.  Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013).  However, the

18   Court is not required "to accept as true allegations that are merely conclusory, unwarranted

19   deductions of fact, or unreasonable inferences."  Wilson v. Hewlett-Packard Co., 668 F.3d 1136,

20   1145 n. 4 (9th Cir. 2012).  To avoid a Rule 12(b)(6) dismissal, "a complaint must contain

21   sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

22   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Johnson v. Federal Home Loan Mortg. Corp., 793

23   F.3d 1005, 1008 (9th Cir. 2015)..  "A claim has facial plausibility when the plaintiff pleads factual

24   content that allows the court draw the reasonable inference that the defendant is liable for the

25   misconduct alleged." Iqbal, 556 U.S. at 678; Johnson, 793 F.3d at 1007.  "Plausibility" means

26   "more than a sheer possibility," but less than a probability, and facts that are "merely consistent"

27   with liability fall short of "plausibility." Iqbal, 556 U.S. at 678; Li v. Kerry, 710 F.3d 995, 999

28   (9th Cir. 2013).

**BACKGROUND**

From the Complaint, in September 2015, Meza applied for a job with Verizon.  On September 23, 2016, Verizon procured or caused to be procured a consumer report regarding Meza from A-Check Global.  Meza alleges:

> Verizon violated [§ 1681b(b)(2)] by procuring or causing to be procured consumer reports for employment purposes regarding [Meza] and other class members without first making a clear and conspicuous disclosure in writing to [Meza], in a document consisting solely of the disclosure, that a consumer report may be obtained for employment purposes and without first obtaining [Meza's] written authorization for the procurement of a consumer report.  In addition, while Verizon had [Meza] sign a "Post-Employment Background Check Authorization and Disclosure of Rights under the [FCRA]" on November 9, 2015, such document did not consist solely of the disclosure, but included additional provisions not authorized by the FCRA, including a provision that stated:  "Further, I consent to and authorize Verizon to release a copy of any consumer report or investigator consumer report to an authorized Verizon customer if required by a customer contract."

Complaint ¶ 12.

Also, in preceding paragraphs, the Complaint quotes the entirety of § 1681b(b)(2)(A).  In pertinent part, the quotation reads:  "Except as provided in subparagraph (B), *a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer,* unless – (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person."  Complaint ¶ 10 (emphasis in original); see 15 U.S.C. § 1681b(b)(2)(A).

**DEFENDANT'S MOTION**

*Defendants' Argument*

Defendants argue that Meza has failed to plead a cognizable injury.  The allegations do not demonstrate an injury in fact because the allegations do not show that Meza suffered either a particularized or concrete injury.  Meza does not allege that any information was incorrectly reported or that he suffered any negative consequences whatsoever.  The Complaint seeks only

statutory damages instead of actual damages, which indicates that Meza has not been injured.  At best the allegations demonstrate a violation of a procedural right, which is not sufficient under *Spokeo v. Robins*, 136 S.Ct. 1540 (2016) to show a concrete injury.  Further, the Complaint makes no allegations to show how Meza was particularly injured.  There are general allegations that Meza and other class members were deprived of their rights, but nothing explains how Meza or anyone else was injured.  Thus, Meza has failed to plead sufficient jurisdictional facts to create subject matter jurisdiction and failed to plead sufficient facts to state a claim.

### *Plaintiff's Opposition*

Meza argues *inter alia* that the Complaint sufficiently alleges a concrete and personalized injury, and sufficiently states a claim for relief.  Meza argues that he was to obtain a specific type of information and disclosure under § 1681b(b)(2).  By obtaining consumer reports without first providing the proper disclosure required by § 1681b(b)(2), Meza argues that this caused him an informational injury.  Also, because the disclosure did not comply with § 1681b(b)(2), the authorization signed by Meza was also improper.  Using the improper authorization to obtain highly private information is a violation of privacy.

### *Discussion*

1.   Standing

In order for a plaintiff to have standing, he must show *inter alia* an "injury in fact."  See Spokeo, Inc. v. Robins, 136 S.Ct. 1540, 1547 (2016); Habeas Corpus Res. Ctr. v. United States D.O.J., 816 F.3d 1241, 1248 (9th Cir. 2016).  An "injury in fact" must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."  Spokeo, 136 S.Ct. at 1548; Habeas Corpus, 816 F.3d at 1248.   An injury is "particularized" when it "affect[s] the plaintiff in a personal and individual way."  Spokeo, 136 S.Ct. at 1548; Habeas Corpus, 816 F.3d at 1250 n.11.  An injury is "concrete" if it "actually exists" and is real and not abstract.  Spokeo, 136 S.Ct. at 1548.  When an intangible injury is involved, courts should consider both history, i.e. whether the intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for lawsuit, and the judgment of Congress, i.e. whether Congress has identified an intangible harm or elevated *de facto* injuries that were previously regarded as

1    inadequate in law.  See id. at 1549.  However, a "bare procedural violation, divorced from any

2    concrete harm, [will not] satisfy the injury-in-fact requirement of Article III."  Id.

3          Here, the Complaint has sufficiently alleged a particularized injury.  The Complaint alleges

4    that Defendants procured a consumer report on Meza, but did so without providing Meza with a

5    document that consisted only of the required clear and conspicuous disclosure.  See Complaint ¶

6    12.  That is, the Complaint alleges that Defendants did not follow the requirements of

7    § 1681b(b)(2)(A) as to Meza himself.  Therefore, the Complaint shows that Meza was affected in

8    a personal and individual way.  See Spokeo, 136 S.Ct. at 1548; Habeas Corpus, 816 F.3d at 1248.

9          With respect to "concreteness," the Eastern District of Virginia has recently analyzed

10   § 1681b(b)(2)(A) in the wake of Spokeo.  In Thomas v. FTS USA, LLC, 2016 U.S. Dist. LEXIS

11   85545 (E.D. Va. June 30, 2016), the district court found that § 1681b(b)(2)(A) created two rights:

12   (1) a right to specific information in the form of a clear and conspicuous disclosure; and (2) a right

13   to privacy in one's consumer report that employers may invade only under stringently defined

14   circumstances.  Id. at *19.  Thomas held that a violation of either of these rights was something

15   more than a "bare procedural violation."  First, relying largely on Supreme Court precedent,

16   Thomas found that a violation of § 1681b(b)(2)(A)(i) constituted a statutorily created

17   "informational injury," and such an "informational injury" was "concrete."  See id. at *26-*29

18   (citing inter alia Federal Election Comm'n v. Akins, 524 U.S. 11, 20-25 (1998) and Public Citizen

19   v. Department of Justice, 491 U.S. 440, 449 (1989)).[1]  Next, relying on the common law's

20   recognition that an unauthorized dissemination of personal information violates the right to

21   privacy, and also noting Congress's ability to create a statutory right to privacy in certain

22   information, Thomas found that a violation of the § 1681b(b)(2)(A) procedures also violated that

23   section's privacy interest, and that such a violation was a "concrete" injury.  See id. at *29-*33.

24   Since the "informational injury" under § 1681b(b)(2)(A)(i) and the invasion of the of the privacy

25   right of     § 1681b(b)(2)(A) were concrete, Thomas found injuries in fact under Spokeo.  See id. at

26   *26-*33.  The Court finds Thomas's analysis persuasive and will follow that decision.  Therefore,

27   a violation of § 1681b(b)(2)(A) represents a "concrete injury" under Spokeo.

28
_____
[1] Both Akins and Public Citizen were cited with approval in Spokeo.  See Spokeo, 136 S.Ct. at 1549-50.

Here, the Complaint alleges that Meza did not receive a document that consisted only of the necessary disclosure.  See Complaint ¶ 12.  Instead, he received a document that contained additional information.  See id.  The allegation indicates an informational injury under § 1681b(b)(2)(A)(i).  See Thomas, 2016 U.S. Dist. LEXIS 85545 at *28-*29 ("Therefore, where a consumer alleges, as Thomas has here, that he or she has received a disclosure that does not satisfy those requirements, the consumer has alleged a concrete informational injury.").  Further, the Complaint alleges that a consumer report was procured without first obtaining Meza's written authorization.  See Complaint at ¶ 12.  Procuring a consumer report without first making the required disclosure and without first obtaining written authorization violates the mandated procedures of § 1681b(b)(2)(A).  See Thomas, 2016 U.S. Dist. LEXIS 85545 at *32-*33; Harris v. Home Depot U.S.A., Inc., 114 F.Supp.3d 868, 869 (N.C. Cal. 2015); Daniel v. Swift Transp. Corp., 2012 U.S. Dist. LEXIS 191791, *6 (D. Ariz. Jan. 9, 2012); Smith v. Waverly Ptnrs., LLC, 2011 U.S. Dist. LEXIS 90135, *11 (W.D. N.C. Aug. 2, 2011).  This shows an invasion of the privacy interest created by § 1681b(b)(2)(A).  See Thomas, 2016 U.S. Dist. LEXIS 85545 at *32-*33 (holding that an allegation that an employer "invaded the statutory right to confidentiality of [the plaintiff's] personal information by obtaining a consumer report without first providing the required disclosure or obtaining [the plaintiff's] written consent" was sufficient to allege an invasion of the statutory right to privacy and thus, a concrete injury).  Therefore, the Complaint adequately alleges two concrete injuries (an informational injury and a privacy invasion) through violations of § 1681b(b)(2)(A).  See id. at *26-*33.

Because the Complaint's allegations adequately show a concrete and particularized injury to Meza, Defendants' Rule 12(b)(1) motion will be denied.

    2.    Failure To State A Claim

Defendants argue that the Complaint contains only conclusory allegations.  The Court agrees that the relevant allegations closely track § 1681b(b)(2)(A). However, the nature of the statute and the nature of a violation of the statute do not lend themselves to a number of factual details.  Meza alleges that he applied for a job with Defendants in September 2015, he was given a document that did not consist only of a clear and conspicuous disclosure, the additional

information in the disclosure is expressly identified, a consumer report was obtained without first receiving Meza's written authorization, and Defendants procured a consumer report despite failing to follow the requirements of § 1681b(b)(2)(A)(i).  See Complaint ¶¶ 10, 11, 12.  The relevant allegations collectively show that Defendants violated § 1681b(b)(2)(A) with respect to Meza.  It is true, as Defendants argue in their reply, that the Complaint does not use phrases such as "informational injury" or "right to privacy."  However, such words need not be expressly stated in the Complaint.  The nature of the violations of § 1681b(b)(2)(A) alleged in the Complaint necessarily entail an "informational injury" and an invasion of the "right to privacy."  Cf. Thomas, 2016 U.S. Dist. LEXIS 85545 at *26-*33.  Defendants have not persuasively explained what further factual detail is necessary in order to plausibly allege a violation of § 1681b(b)(2)(A), nor have they argued that the allegations are anything other than improperly conclusory.  Without more from Defendants, Meza has stated a plausible claim under § 1681b(b)(2)(A).

Defendant's Rule 12(b)(6) motion will be denied.


**<u>ORDER</u>**

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendants' motion to dismiss (Doc. No. 3) is DENIED; and

2.  Defendants shall file answer within twenty (20) days of service of this order.


IT IS SO ORDERED.

Dated:   September 8, 2016            _____

                                     SENIOR  DISTRICT  JUDGE